Avram E. Frisch, Esq.
The Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
Attorney for Plaintiff Mark Furer and Concrete Industries One Corp.

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

MARK FURER AND CONCRETE INDUSTRIES ONE CORP.

Plaintiffs

vs.

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEFAND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,

Defendants

------------------------------------------------------------ x

Docket No.

**COMPLAINT AND PETITION TO VACATE ARBITRATION AWARD**

**<u>COMPLAINT</u>**

Plaintiff, Mark Furer and Concrete Industries One Corp., by way of complaint against the above named Defendants, alleges and says:

**JURISDICTION AND VENUE**

1. This is an action for a declaratory judgment that the parties are not subject to a binding arbitration agreement and that the arbitration award delivered on August 22, 2024 was void due to corruption, fraud, and evident partiality or corruption of the arbitrator.
2. This court has jurisdiction pursuant to 9 U.S.C. § 10, and pursuant to 28 U.S.C. §1331, granting the court jurisdiction over civil actions arising out of the laws of the United States.
3. Venue is properly laid in this District, pursuant to Pursuant to 9 USC § 10 in the District where the arbitration award was made.

**THE PARTIES**

4. Plaintiff, Mark Furer and individual residing at 1103 Somerset Avenue, Lakewood, NJ 08701, is the principal of Defendant Concrete Industries One Corp., a defunct concrete contractor which at points in the past had a collective bargaining agreement with the Defendants.
5. Defendants, The Trustees of the New York City District Council of Carpenters Pension Fund ("Defendants") upon information and belief, have their principal place of business at maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

**FACTUAL BACKGROUND**

6. This action arises out of a purported arbitration conducted on June 27, 2024 with an award issued on August 19, 2024 and delivered to the Plaintiffs on August 22, 2024. The award was the result of a biased arbitrator who ignored all issues raised by the Plaintiffs as to the arbitrability of the dispute, imposed the Defendants' evidentiary burdens on the Plaintiffs

and made a decision so out of line with the evidence that it can be the result only of partiality, fraud and corruption.

7. In fact, the Plaintiffs appeared pro se and witnessed the arbitrator discussing matters ex parte with the counsel for the defendants, engaging in numerous jocular conversations and otherwise failing to demonstrate the necessary impartiality for an arbitrator.

8. Plaintiff Mark Furer appeared at the time and presented proofs that the Plaintiffs had withdrawn from all agreements with the Defendants, and thus were not subject to any arbitration agreement.

9. The Plaintiffs presented proof that their counsel had served a notice of termination in a timely manner.

10. Via phone, Jeffrey Fleischman, Esq. testified that he had caused the mailings by Fedex and mail in 2021. The Defendants argued that they had never received them, but presented no basis for that argument or any proof that they had not in fact been mailed.

11. The testimony that they had been mailed was uncontroverted.

12. The Arbitrator, Steven C, Kasarda, wrongly placed the burden of proof on Mr. Furer and Concrete Industries One instead of on the Union Funds to demonstrate that he did in fact have the authority to arbitrate.

13. Proof of the mailing and Fedex were provided, but final tracking information was unavailable due to the passage of time.

14. The Arbitrator ignored this and the fact that mailing of notices is complete upon mailing and stated that "the receipts do not confirm that they were actually sent to the Union at the time they were created." He made no determination that Mr. Fleischman's testimony that

they were in fact mailed the day they were created as not credible. He simply ignored the testimony as he would only rule for the Union Funds.

15. The correspondence was dated April 12, 2021 and notified the District Council of New York City and Vicinity of the United Brother of Carpenters and Joiners of America, AFL-CIO (the "Union") that the Plaintiffs were terminating any agreements between them.

16. The letter was received by the Union at its offices and no response was received by Mr. Fleischman or the Plaintiffs.

17. As such, the Plaintiffs understood that the Union (and thus the Defendants) did not contest the cancellation of the Union contracts.

18. It was only at the arbitration that the Defendants alleged that the letter was not received.

19. The Union was one of several that received the same correspondence, and only the Union claimed to have not received it.

20. In addition, the Plaintiffs do possess signature confirmation of the receipt of the letter by the Union on April 14, 2021.

**COUNT ONE (Declaratory Judgment)**

21. The allegations contained in this Complaint are incorporated herein by reference as if fully set forth herein.

22. The parties have a dispute as to the continued effectiveness of the collective bargaining agreement and whether it was properly terminated.

23. This dispute affects whether the claims of the Defendants were subject to arbitration.

24. The determination of this dispute will also address whether the underlying claims of the Defendants in the arbitration of significant delinquent contributions to the funds is valid.

25. As such, the Plaintiffs are entitled to a declaration that the agreements are of no force and effect and that they do not owe any sums to the Defendants.

**COUNT TWO (Vacate the Arbitration Award)**

26. The plaintiff repeats the allegations of this Complaint as if same were set forth at length herein.

27. The arbitration award is the product of a biased arbitrator who only rules in favor of the Defendants.

28. He demonstrated partiality in his conduct at the hearing and in his biased decision making.

29. The award simply is so at odds with the evidence that it is not reasonable to enforce it.

30. There was no evidence disputing that the contract that provided for arbitration of disputes had been terminated.

31. The arbitrator simply disregarded this evidence and vastly exceeded his authority, as no authority existed whatsoever.

32. As such, the Court should vacate the award pursuant to 9 U.S.C. §10 and 12.

WHEREFORE, Plaintiff seeks judgment against the defendants in their favor as follows:

A. Declaring the collective bargaining agreement null and void as of April 12, 2021 and that the Plaintiffs do not have any obligations from that date onward to the Defendants.

B. Vacating the arbitration award of August 19, 2024.

C. Awarding Plaintiff the costs and disbursements of this action, including reasonable counsel fees, costs and reimbursements of expenses, including expert fees, in amounts to be determined by the Court; and

D. Granting such other and further relief as is just and proper.

Hackensack, New Jersey
Dated: November 20, 2024

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**

/s/ Avram E. Frisch___________________
Avram E. Frisch, Esq.
1 University Plaza, Suite 119
Hackensack, NJ 07601
201-289-5352
frischa@avifrischlaw.com
*Attorney for Plaintiff*